# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| **Plaintiff,** | Civil No. CV 09-05276 DDP |
| v. | |
| **JAIVIN KARNANI, and BALLS OF KRYPTONITE, LLC, a California Limited Liability Company, all doing business as Bite Size Deals, LLC and Best Priced Brands, LLC** | **PROTECTIVE ORDER** |
| **Defendants.** | |

WHEREAS it appears that the discovery and financial disclosure provisions of the Temporary Restraining Order in this case will involve the production of confidential information not generally available to the public, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 16 C.F.R. § 4.10(a)(8), and for good cause shown, and it appearing that the Parties consent to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

## DEFINITIONS

1. **"Confidential Information"** means financial information produced by Defendants in response to the Temporary Restraining Order entered in this case *provided, however,* that such Confidential Information shall not include

information that was, is, or becomes part of the public domain through no act or omission of the Plaintiff.

Summaries, copies, abstracts, or other information shall be used and designated as "Confidential Information" whenever such documents are derived in whole or in part from material designated as Confidential Information.

2. **"Qualified Persons"** means the following:

(a) The Court and its staff;

(b) The Commissioners and employees of the Federal Trade Commission ("FTC") and counsel of record for the FTC (including attorneys, paralegals, and clerical and secretarial staff employed by such counsel);

(c) Employees retained to reproduce the discovery material for use in accordance with this Order;

(d) Experts or consultants (together with research assistants and clerical staff) retained to assist in the prosecution or settlement of this action;

(e) Deponents, and their counsel, during the course of depositions, taken in this action, and Court reporter(s) and persons preparing transcripts of such testimony;

(f) Witnesses, and their counsel, during the witnesses' testimony at any hearing, and Court reporters and persons preparing transcripts of such testimony;

(g) Any person or entity to whom the Plaintiff is permitted or obligated under applicable statutory or regulatory law to produce discovery materials, or to whom the Plaintiff is otherwise legally obligated to produce discovery materials;

(h) Federal or State agencies, to the extent that such agencies comply with the requirements set forth in the Commission's Rules of Practice, 16 C.F.R. §§ 4.11(c) and (d);

(i) Congressional committees and subcommittees, to the extent

required by law and/or as set forth by the Commission's Rules of Practice, 16 C.F.R. § 4.11(b); and

(j) Other persons only upon order of the Court, or upon Defendants' consent.

Nothing contained in this Order shall prevent any document from being shown or disclosed to any person shown on the face of such document to be the document's author or recipient of such document.

## DESIGNATION OF CONFIDENTIAL INFORMATION

3. In connection with discovery proceedings in this action, Defendants may designate documents, things, material, testimony, or other information derived therefrom as "Confidential Information" under the terms of this Protective Order.

4. Defendants shall designate "Confidential Information" in the following manner:

(a) Defendants shall mark only those pages, items, or portions thereof containing or disclosing the Confidential Information by stamping copies with the legend "CONFIDENTIAL" as indication of its confidential nature.

(b) All tangible items containing Confidential Information shall be placed in an envelope, box, or other container which shall be stamped or labeled on the exterior with the legend "CONFIDENTIAL."

(c) A designation of confidentiality shall constitute a representation in good faith and after careful determination, that the material so designated constitutes confidential material as defined in this Order.

(d) All testimony taken at a deposition shall be treated as if it were designated as Confidential Information for a period of thirty (30) days following preparation of the full transcript, except when counsel for the Parties agree to an alternative procedure. During the thirty-day period, counsel for the Defendants may designate, in writing, any portion(s) or the entire transcript as Confidential Information. If any document containing Confidential Information is used during

any deposition, the testimony regarding such document shall thereafter be treated as confidential, unless counsel for the Parties agree otherwise. The use in deposition of any documents designated as confidential will not constitute a waiver of the designation as to those documents.

**OBJECTIONS TO DESIGNATION OF CONFIDENTIAL INFORMATION**

5.  If Plaintiff objects to the designation of any material as "Confidential," the Plaintiff shall so notify Defendants in writing, and shall state in any such notice the basis for objection. Following this written objection:

(a)  If Defendants do not agree to withdraw the objectionable "Confidential" designation, to preserve such designation, they must, within thirty (30) days after receipt of such notice, apply to the Court for a ruling that the material be treated as "Confidential," and notice of such application shall be provided to Plaintiff. In connection with any such application, the burden shall be on Defendants to sustain the "Confidential" designation by showing good cause for such designation. Following the filing of such application, until this Court enters an order, if any, determining the designation of the discovery material objected to, such discovery material shall be treated as Confidential Information and protected as provided in this Order.

(b)  If Defendants fail to file such application with the Court within thirty (30) days after receipt of objection, the material shall lose its "Confidential" designation.

**DISCLOSURE OF CONFIDENTIAL INFORMATION PRIOR TO TRIAL**

6.  Confidential Information shall be disclosed or made available to Qualified Persons only.

7.  Plaintiff, upon receiving Confidential Information, shall take all steps reasonably available to protect the confidentiality of such materials and of all the information contained therein. All Confidential Information shall remain in the possession, custody, and control of Qualified Person(s) receiving it, except when

4

being tendered or forwarded to another Qualified Person.

### DISCLOSURE IN OTHER OR SUBSEQUENT PROCEEDINGS

8. This Order shall survive the final termination of this action. Whether or not Confidential Information becomes known to the public, Plaintiff shall, within ninety (90) days after termination of this litigation, including any and all appeals, return the Confidential Information to Defendants or destroy the information at the written request of Defendants. The Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of information disclosed hereunder. The Parties shall notify the Clerk's office within sixty (60) days of entry of final judgment or dismissal whether filed Confidential Information shall be destroyed or retrieved from the Clerk's office or disposed of in some other manner.

### NON-ADMISSION AND NON-WAIVER OF CONFIDENTIALITY

9. This Order is entered solely for the purpose of facilitating the implementation of the Temporary Restraining Order entered in this case. Nothing in this Order, nor the production of any document, item, or information under the terms of this Order, shall be deemed an admission or waiver regarding the confidentiality or non-confidentiality of such document, item, or information, or alter any existing obligation in the absence thereof.

### USE OF CONFIDENTIAL INFORMATION PRIOR TO TRIAL

10. Except as provided in this Paragraph, nothing in this Order shall restrict or limit the ability of any Party to use any document, item, or information subject to this order in any filing or submission to the Court. In the event that Confidential Information is contained in any pleading, motion, exhibit, or other paper filed or to be filed with the Clerk of Court, the filing Party shall (a) explicitly designate the confidential material; and (b) seek to have the papers sealed pursuant to local court rules. If sealed, Confidential Information shall remain sealed until further order of the Court; *provided, however*, that such papers may be furnished to

Qualified Persons.  Upon or after filing Confidential Information under seal, the filing Party may file on the public record a duplicate copy of the paper redacting such Confidential Information.  The filing Party also may deliver a non-redacted copy directly to the chambers of the presiding judge or magistrate to ensure that it is promptly brought to the Court's attention.

### **USE OF CONFIDENTIAL INFORMATION AT TRIAL**

11.    Nothing in this Order shall limit or restrict a Party from the use of Confidential Information in the trial of this matter.  At or before the Pre-Trial Conference, the parties will discuss with the Court what procedures shall be used at the trial of this action to protect the confidentiality of any documents or information sought to be admitted into evidence that have been determined by the Court or agreed upon by the parties to be confidential.

### **APPLICATION FOR MODIFICATION OF THIS ORDER**

12.    This Order shall be without prejudice to the right of the Parties to:

(a)    Bring before the Court at any time the question of whether any particular document, item, or information is Confidential Information as defined in this Order; or whether its use should be restricted as Confidential Information; or

(b)    Present a motion to the Court for a separate protective order as to any particular document, item, or information, including restrictions differing from those specified herein.

The burden shall be on the Party who asserts confidentiality to establish confidentiality.

### **BINDING EFFECT UPON EXECUTION**

13. The provisions of this Order for the protection of Confidential Information shall be binding upon the Parties immediately upon execution by their respective counsel, as though signed and entered by this Court.

SO ORDERED, this 31st day of July, 2009.

_____
Honorable Dean D. Pregerson
United States District Court Judge