JS - 6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| **Plaintiff,** | Civil No. CV 09-05276 DDP (Ex) |
| v. | |
| **JAIVIN KARNANI, BALLS OF KRYPTONITE, LLC, a California Limited Liability Company, all doing business as Bite Size Deals, LLC and Best Priced Brands, LLC, and INTRIGUE INC., a Belize corporation, doing business as Crazy Cameras,** | **STIPULATED FINAL ORDER FOR INJUNCTIONS AND OTHER EQUITABLE RELIEF** |
| **Defendants.** | |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief in this matter on July 20, 2009, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). A stipulated Preliminary Injunction was entered September 25, 2009. The parties now stipulate to the entry of a final order resolving this case as follows:

**FINDINGS:**

1. Defendants have marketed and sold various consumer electronic goods to consumers in the United Kingdom ("UK") via Internet websites which

use "co.uk" names, and which state prices in pounds sterling;

2. The Complaint states claims upon which relief may be granted against Defendants, under Section 5 the FTC Act, 15 U.S.C. § 45, and under the Commission's Trade Regulation Rule Concerning the Sale of Mail or Telephone Order Merchandise ("Mail Order Rule") 16 C.F.R. Part 435.

3. This Court has jurisdiction of the subject matter of the case and over all named parties;

4. Venue is proper as to all parties in this District;

5. The Defendants' activities are "in or affecting commerce" as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6. Defendants waive all rights to seek judicial review or otherwise challenge or appeal the validity of this Order. Defendants also waive any claim they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order;

7. The Commission and Defendants stipulate and agree to entry of this Order under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), without trial or final adjudication of any issue of fact or law. By entering into this stipulation, Defendants do not admit or deny any of the allegations set forth in the Complaint, other than jurisdictional facts, and as otherwise specifically stated in this Order;

8. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law;

9. Nothing in this Order obviates the obligation of Defendants to comply with Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45 and 52;

10. The Commission's action against Defendants is an exercise of the Commission's police or regulatory power as a governmental unit;

11. The paragraphs of this Order shall be read as the necessary requirements for compliance and not as alternatives for compliance, and no paragraph serves to modify another paragraph unless expressly so stated;

12. Each party shall bear its own costs and attorneys' fees; and,

13. Entry of this Order is in the public interest, there is just cause for this Order to be entered, and this Order is authorized by Section § 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b).

**DEFINITIONS**

1. "Defendants" means Balls of Kryptonite, Intrigue, Inc., and Jaivin Karnani, acting directly or through any other individual or legal entity, or doing business as Bite Size Deals, Best Priced Brands, Crazy Cameras, and Specialty Software.

2. "Commerce" means as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

3. "Mail Order Rule" means the Federal Trade Commission's Trade Regulation Rule Concerning Mail or Telephone Order Merchandise, 16 C.F.R. Part 435, or as the Rule may hereafter be amended.

4. "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group of combination acting as an entity.

5. A "Website" means a set of electronic files or documents, usually a home page and subordinate pages, readily viewable on a computer by anyone with access to the Internet and standard Internet browser software.

6. "Document" is synonymous in meaning and equal in scope to the term as defined in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilation from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or non-identical copy is a separate document within the meaning of this term.

7. "Customer," "consumer," or "buyer" means any person who has paid,

or may be required to pay, for products or services offered for sale or sold by the Defendants.

8. "Card holder" means any consumer who uses a credit or debit card to purchase goods or services.

9. "Chargeback" means any request by a card holder or a card issuer to reverse a disputed purchase or charge.

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS HEREBY ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, trade name, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any goods or services, in or affecting commerce, are hereby restrained and enjoined from misrepresenting, or from assisting others in misrepresenting, expressly or by implication, any of the following:

- A. Defendants' location, including but not limited to any misrepresentation that Defendants are physically located in or operate from the United Kingdom or European Union;
- B. The qualities, quantities, or characteristics, of any goods sold, including color, brand, or model name or number;
- C. The existence and/or validity of any manufacturers' warranty;
- D. The total price for goods sold;
- E. The extent to which Defendants are members of, adhere to, comply with, are certified by, are endorsed by, or otherwise participate in any privacy, security, or any other compliance program sponsored by any government or third party; or,

4

F.  Defendants' policies concerning cancellation, exchange, or refund.

**BAN ON USE OF FOREIGN WEBSITE DESIGNATIONS**

**II.**

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, trade name, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any goods or services over the Internet, in or affecting commerce, are hereby restrained and enjoined from, or from assisting others in, selling goods over the Internet using any Website domain name, extension, or suffix associated with a country other than the United States, including but not limited to, e.g., ".ca," ".uk," ".de," ".be," ".eu," or ".cn," unless the individual or business making the sale is located within the foreign country corresponding to the domain name, extension, or suffix and conducts substantially all of its business activities therein.

**BAN ON CREDIT OR DEBIT CARD CHARGES**

**III.**

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, trade name, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any goods, in or affecting commerce, are hereby restrained and enjoined from charging consumer credit cards, debit cards, gift cards, or bank accounts for such goods until and unless the individual or

business making the sale has obtained the goods and is ready to ship them.

## COMPLIANCE WITH MAIL ORDER RULE

### IV.

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, and employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, trade name, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any goods, in or affecting commerce, are hereby restrained and enjoined from violating any provision of the Mail Order Rule in any way, including but not limited to:

    A.    Violating Section 435.1(a)(1) of the Rule by soliciting a customer order for merchandise unless, at the time of the solicitation, Defendants have a reasonable expectation that the ordered merchandise can be shipped within the time limits clearly and conspicuously disclosed in the solicitation;

    B.    Violating Section 435.1(b)(1) of the Rule by failing to timely offer to the buyer, clearly and conspicuously and without prior demand, an option either to consent to a delay in shipping or to cancel the order and receive a prompt refund;

    C.    Violating Section 435.1(b)(1) of the Rule by failing to provide the buyer with a definite revised shipping date;

    D.    Violating Section 435.1(b)(2) of the Rule by failing to timely offer to the buyer, clearly and conspicuously and without prior demand, a renewed option either to consent to a delay in shipping or to cancel the order and receive a prompt refund;

    E.    Violating Section 435.1(b)(2)(ii) of the Rule by failing to advise the

buyer in a renewed option notice that the order will be automatically canceled and a prompt refund provided unless the buyer gives specific consent to a further delay prior to expiration of the old definite revised shipping date; and,

F. Violating Section 435.1(c)(3) of the Rule by failing to deem orders cancelled and make prompt consumer refunds when consumers have not consented to further delay of shipments.

## CUSTOMER CHARGEBACKS

## V.

**IT IS FURTHER ORDERED** that Defendants shall not oppose or contest customer chargebacks made prior to twelve (12) months from the date of entry of this Order.

## MONETARY RELIEF

## VI.

**IT IS FURTHER ORDERED** that Defendants shall pay to the Commission the sum of five hundred thousand dollars (**$500,000**), as equitable monetary relief, which payment shall be suspended subject to the provisions of Section VII.

## VII.

## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A. The Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of the certified financial statements and supporting documents submitted to the Commission by Defendants including the following:

1. Financial Statements of Balls of Kryptonite, LLC dated August 18 and August 27, 2009, May 13, 2010, and February 17, 2011, including attachments;

2. Financial Statement of Intrigue, Inc., dated February 17, 2011,

        including attachments;

    3. Financial Statement of Erudite, Inc., a corporation wholly-owned by Defendant Jaivin Karnani, dated February 17, 2011, including attachments;

    4. Sworn Deposition Testimony of Defendant Jaivin Karnani on September 14, 2009, including exhibits; and

    5. Financial Statements of Jaivin Karnani dated August 10, and August 27, 2009, May 13, 2010, and February 17, 2011, including attachments..

Defendants stipulate that all of the materials submitted are truthful, accurate, and complete. These documents contain material information upon which the Commission relied in negotiating and agreeing to the terms of this Order.

B. If, upon motion by the Commission, a Court determines that Defendants made a material misrepresentation or omitted material information concerning their financial condition, then the Court shall lift the suspension described in Section VI, and shall enter a money judgment against Defendants, jointly and severally, for the sum of five hundred thousand dollars (**$500,000**) as equitable monetary relief, which amount shall become immediately due and payable by Defendants, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance, *provided, however,* that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and *provided*, further, that proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies, as may be provided by law, including but not limited to contempt proceedings, or any other proceedings that the

|   |   |   |
|---|---|---|
| 1 | | Commission may initiate to enforce this Order. |
| 2 | C. | All funds paid to the Commission pursuant to this Order shall be deposited into an account administered by the Commission or its agents to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable, or funds remain after the redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited in the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section. Defendants shall have no right to contest the manner of distribution chosen by the Commission. No portion of any payment ordered herein shall be deemed a payment of any fine, penalty, or punitive assessment. |
| | D. | Defendants relinquish all dominion, control and title to the funds paid, to the fullest extent permitted by law. Defendants shall make no claim to, or demand return of the funds, directly or indirectly, through counsel or otherwise. |
| | E. | Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. |
| | F. | In accordance with 31 U.S.C. § 7701, Defendants are hereby required, |

unless they have done so already, to furnish to the Commission their taxpayer identifying number and/or social security number, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.

G. Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## COMPLIANCE MONITORING

## VIII.

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2. posing as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of

identification or prior notice; and

C. Defendants shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

**COMPLIANCE REPORTING**

**IX.**

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of four (4) years from the date of entry of this Order,
1. Individual Defendant shall notify the Commission of the following:
   a. Any changes in Defendant's residence, business address, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;
   b. Any changes in Defendant's employment status (including self-employment), and any change in Defendant's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of

      the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment; and

    c. Any changes in Defendant's name or use of any aliases or fictitious names;

  2. Defendants shall notify the Commission of any changes in structure of any Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. Sixty days (60) days after the date of entry of this Order and annually thereafter for a period of four (4) years, Defendants each shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

  1. For Individual Defendant:

    a. Defendant's then-current residence address, mailing

12

       addresses, and telephone numbers;

    b. Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment; and

    c. Any other changes required to be reported under Subsection A of this Section.

  2. For all Defendants:

    a. A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order"; and,

    b. Any other changes required to be reported under Subsection A of this Section.

C. Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D. For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

Associate Director for Enforcement
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
RE: *FTC v. JAIVIN KARNANI, et al.*

*Provided* that, in lieu of overnight courier, Defendants may send such reports or

notifications by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with each Defendant.

**RECORD KEEPING PROVISIONS**

**X.**

**IT IS FURTHER ORDERED** that, for a period of seven (7) years from the date of entry of this Order, in connection with the advertising, marketing, promotion, offering for sale or sale of any goods over the Internet, in or affecting commerce, Defendants are hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, monetary amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. All email communications with customers for the prior three years;

E. Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

F. Records sufficient to show the number of days between receipt of complaints or refund requests and Defendants' responses to them; the report should also show: (1) dates of refund; (2) dates of notification of shipment delay; and, (3) dates that pre-paid shipment instructions were sent to customers for return of merchandise; such data should be kept in a form that is searchable and sortable.

G. Copies of all sales scripts, invoices, collection letters, training materials, taped telemarketing or verification calls, advertisements, or other marketing materials, including newspaper advertisements and Internet web pages; and

H. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

# DISTRIBUTION OF ORDER

## XI.

**IT IS FURTHER ORDERED** that, for a period of four (4) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A. Corporate Defendant: Corporate Defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of

this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. Individual Defendant as Control Person: For any business that the Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C. Individual Defendant as employee or non-control person: For any business where the Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D. All Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of

delivery, from all persons receiving a copy of the Order pursuant to this Section.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

## XII.

**IT IS FURTHER ORDERED** that Defendants, within ten (10) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

## XIII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order. The Status Conference set for June 27, 2011 is VACATED.

**IT IS SO ORDERED**,

Dated: May 20, 2011

_____
Honorable Dean D. Pregerson
United States District Judge